We are ready to hear argument and the first bail motion this is United States v. Romero. Good morning your honor Michael Bachrach for appellant movant Edwin Romero. Chief Judge Hall before beginning I'd like to reserve one minute if I may for rebuttal time I know it's discretionary in motions. It is discretionary but given that it's you Mr. Bachrach and I'm in a good mood this minute. Thank you very much your honor I appreciate that. Your honor the question before this court is a very simple one. Did this district court clearly error in denying bail without a hearing based upon statute, Second Circuit precedent, and Supreme Court precedent? The answer is yes. If Judge Preska had provided the hearing you would not be here. If Judge Preska, well probably not. Provided a hearing and denied bail. No. Okay. No. We would not be here. It's just about the hearing. It is really about the hearing. I know in the initial paperwork I talked about the broader question but in fairness to this court I don't think your honor is really it would be fair for me to ask your honors to rule upon the broader question of whether bail is warranted based upon the simple fact that it's the district court judge in the first instance that has to make that determination based upon a hearing and I'd be asking you to skip that point. If your honors would like to of course grant that argument. But yes I am focusing on the bail determinant, the lack of a hearing because that is where unquestionably clearly the court did err. 18 U.S.C. 3142 F requires the judicial officer shall hold a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of such person and the safety of any other person in the community. I guess we're arguing about whether you weighed that right by saying well if you have any hearing let me know I'll show up as opposed to I need a hearing and here's what I want to do. Yes I guess you could put it that way your honor. I don't think there's any question that there is no waiver. I don't believe you can waive something that has it which you have a statutory right to have without express without an express waiver which there wasn't here. Quite the contrary the government was aware prior to the prior to the submission of the briefs that a hearing would be expected. It would have been discussed with them in scheduling. I was quite shocked to see in the government's response brief this contention that I could have somehow responded put in a reply brief. Reply briefs obviously are never required but additionally I was on vacation and the government and the court were both aware that I was on vacation only returning the evening before the decision in this case. There was no opportunity to put in a reply and quite frankly both the government and defense counsel expected upon coming to court that day that we would either be having the hearing in court or we'd be scheduling the hearing in court at that status conference but none of that occurred because instead an hour before the court appearance the court issues an order denying bail. Once bail is denied the issue is complete. Just for practical consideration what would you be doing at this hearing? I'm presenting medical evidence to show that the medical conditions that he's been under have not been sufficient and also been in order to establish that his current mental state his physical and mental state is one that he no longer presents a risk of flight or a danger to the community. Mr. Romero has lost one eye entirely and there is of course more that I put under seal as far as the specifics of those medical conditions. That is what would be presented at the hearing so the court could evaluate with the defendant present, with the defendant present whether or not in fact my proffer as to whether or not he would not be a risk of flight or a danger to the community would be accurate. Let me ask you what effect does it have that there's a presumption of no bail in his case? Well, it's a presumption but it's a rebuttable presumption and it's a presumption. I only have a burden of persuasion and the burden of persuasion is simply it can be easily overcome by simply establishing facts that would give rise to the belief that in fact this defendant would not be a risk of flight or a danger to the community. That can be done simply by presenting his medical conditions. In United States v. Troy Young it's not a published opinion although it is cited in my brief as a docket opinion. In that case I represented a defendant, Mr. Young, earlier this year before Judge Seibel, a defendant who at that point, unlike Mr. Romero, was still facing the possibility of the death penalty because the Attorney General had not yet decided. And Judge Seibel granted bail after consideration of his medical conditions. Do you agree that a hearing under 3142 and the particular subsection that you point us to can be done without live testimony? Without live testimony? Yes. Yes, of course. Okay. And one of the things you said was that you need some explicit waiver in order to forego a hearing without live testimony? To waive a hearing. I didn't say a hearing without live testimony. Obviously at a hearing you could present evidence voiced upon proffers or simply handing it up as you often do in a bail hearing. You don't need to call a witness at a bail hearing. Oftentimes the defense counsel or the government will mark an exhibit and hand it up to the court and it will be accepted in that form. It's short of testimony, but it is still evidence that's being submitted to the court. That's just, I'm not, I will acknowledge you don't have to have, have to waive that testimony, but you do have to waive the desire or right to a hearing. Where does it say that or where have we said that? Well in United States v. Salerno the Supreme Court stated refer to a full-blown evidentiary hearing being required. And a full-blown evidentiary hearing certainly is more than simply a discussion on the papers. And 3142F actually also You just told me that 3142 doesn't require a hearing with live testimony, which is what you're asking for here. I'm asking, Your Honor, for a hearing with argument and the ability to call live testimony if I want it. 3142 doesn't specify whether or not it could be live testimony, testimony by deposition, doesn't specify whether it's presenting exhibits or simply proffers. What it specifies is that you get a hearing where you present evidence. The terms of what type of evidence is not clear from the statute. The Supreme Court says a full-blown hearing, or adversary hearings with the language they use. Again, they don't talk, they specify and list examples. The Second Circuit has as well in United States v. Davis listed examples that includes cross-examination, but these are ors. It's not A, B, C, and D. It's A, B, C, or D. But the point is, you still get that hearing to present evidence in whichever form is appropriate. Thank you. And you've reserved your minute. Thank you, Your Honor. Mr. Chau. May it please the Court, Anand Chau appearing for the government. I also represent the government in the proceedings before the District Court. Judge Preska didn't err, much less clearly err, in her determination that bail is inappropriate in this case. Before issuing her ruling, Judge Preska reviewed submissions from both parties, which presented the District Court with sufficient information to rule on the defendant's bail request. I think the way your opponent sees this is, there's a motion and he doesn't have to anticipate everything you would say and therefore put in all the evidence he wants to up front. He puts in his motion, you oppose it, and then it's as if issue is joined, and then the court decides on a hearing. I think that's how your opponent sees this developing. The way I think you see it developing is, he's supposed to put all his stuff in his motion and then you rebut it and that can be the end of it. Yes. I believe that that is how we view the case. A hearing was conducted in this case. The defendant wishes to claim that a hearing didn't happen because, as he says in his reply brief, no hearing was held because there was no oral argument, there were no witnesses and no exhibits. It's important to recognize that the statute does not require any of these items. If his view is correct, then all that has happened is there's been a motion, there's been an opposition, and then where's the hearing? It's like there's no hearing. The question's been joined, it's been raised, it's there, and where's the hearing? I think you're still saying he has to put all his stuff up front before he knows what you're going to say. I think what I'm trying to say is, at a hearing, a hearing is for the presentation of facts. If the defendant has witnesses he wants to call, exhibits he wants to introduce, or if he wants to testify on his own behalf, that is what a hearing is for. A hearing is not necessarily an opportunity just for oral argument. That's not required, and that doesn't necessarily transform an appearance into a hearing. In this case, it's particularly relevant because, even to this date, the defendant has not set forth what facts he would have proffered had an evidentiary hearing take place. He has not identified affidavits he would have submitted, facts he would have proffered, exhibits he would have presented, or witnesses he would have called. By his own recognition, he was waiting to obtain certain medical records for his client, and in his brief, he states at page 17, paragraph 42, that the only mention of additional facts that he had were these medical records, which he did not have at the time. Is that a requirement? Is the requirement that a defendant or his or her counsel seeking bail under 3142 provide upfront all of the information that they intend to elicit during what I gather is a full-blown hearing, if that's what the request is? I don't believe so, Your Honor. What are you saying? I think there needs to be some indication to the court that there is . . . that they intend to produce any sort of evidence, and what I'm highlighting for the court is that, in this instance, not only down below before the district court did the defendant not identify any pieces of information or facts . . . So here's the letter to the court, to the district court. I would like a brief, and what is a full-blown hearing? Your Honor, I think that's a tougher question. Well, that's why I'm asking it. I believe in that instance, I think the district court would be perfectly within its providence to ask what type of information do you intend to present at such a hearing. What's the difference between that and what Mr. Bachrach asked for? Basically, the way that I read it is, he contemplated that there would be some form of hearing, and said, I'm going to be on vacation. What's the difference between, I would like a hearing, and I contemplate that there will be a hearing, I'm going to be on vacation on these days, please do not schedule the hearing on these days? I think in this instance, the way it was presented to the court is, I have put forth my arguments and the facts underlying my arguments for the court to consider. The government had an opportunity to respond to those arguments and proffered facts of its own. When this was presented to the court, there was no additional indication to the court that additional facts were forthcoming. The district court was in a position where it could rule based on the facts that had been presented to the court. There was no additional indicia that there were other facts that the court was unaware of, and to this date, the defendant has not identified any facts that it would have proffered had a full evidentiary hearing taken place. Would Mr. Bachrach have had to indicate to the court at this preliminary stage that his client, Mr. Romero, was going to testify as to the factors relevant to the bail consideration? I don't think the defendant necessarily needs to state that he himself will testify, but I think . . . Does he have to disclose that to the court that he may or something in order to preserve the right to get a hearing? I think the defendant should notify the court that it has any facts that it wants to produce, either by proffer or by affidavit or by witness. You're saying it's almost like a suppression motion where you would require the defendant to put up or shut up by way of an affidavit in order to trigger a suppression hearing. You're saying that the same thing or same requirement exists for or under 3142 for detention hearing. Have we ever said that? No. Maybe I've misunderstood your argument because I'm not getting it right now. Right. I'm sorry if I'm being unclear. I don't think I'm going that far. I don't think it's necessary that the defendant needs to upfront proffer all of the information that it desires to present to the court, but it needs to provide the court with an indication that it does intend to provide additional information. If it just says, here's all the information I have, I think the court would be perfectly within its right to rule on what the defendant has presented. If a defendant were to appear and say, here are the facts, and the government said, yeah, we agree, those are the facts that are presented to the court, all we have are arguments based on those facts, I don't think an evidentiary hearing where witnesses or affidavits or additional proffers of evidence need to happen. He put in his motion with what he had that day. Right. He doesn't know what you're going to say, and we don't have a statement from him after you've said your piece that I don't have anything else to do here. I mean, if he had done that, then I would probably call that an express waiver, because if he had said, hey, I've seen his stuff, I've done my . . . Judge, I don't have anything else to do, but that's not how this played out in this case. The facts are different, right? That's correct, Your Honor, but at the same time, the defendant also didn't express that there was any additional information. Do you think he has an affirmative burden to come forward with some description to the district court of what he's going to do at a hearing? Absolutely. If he wants to present proof, he should let the court know that he has additional facts. I'm with you, perhaps, in part, with respect to proof which is from any source other than the defendant himself who will be present at the hearing, and we've all tried enough cases in criminal court, I'm not sure about Judge Rastani, but the rest of us here have. I've had a few. Okay. In which defense counsel sits there and then makes a judgment call with his client or her client, am I going to put you on the stand to address certain limited things relevant to the issue before the court? You don't do that, at least I don't think good defense counsel does that until she sees how the evidence has come in and whether the judge appears to be having a problem with what's going on and needs that one little bump, perhaps, to rule in favor of the defendant. I don't think defense counsel, I don't think the defendant has to say, and I'm going to take the stand. Yes. You agree? I agree that . . . So I want a hearing and, well, you're not going to have any hearing. Well, my client doesn't even then get a chance to add that one little bump to whatever I have proffered or indicated that I am going to put in. I think my response would be similar to the one I provided to Judge Rastani, which is that in that instance, in this case, the government had already put forth all of the information that it intended to proffer. There was going to be no additional proffer of evidence. They weren't going to call additional witnesses. They weren't going to put in additional affidavits. So at that point, all the information is before the court from the government's perspective. If the defendant had, at that point, having read the government's brief, desired an opportunity to present additional facts from his own mouth, then he could have asked the court or advised the court that he would like to introduce new evidence. Was there any notice provided before the denial of bail? If you're asking whether the court announced that it intended to rule on a certain date, no, I don't believe so. The court has no additional questions. We're still wrestling, Mr. Chow, so thank you very much. Mr. Bagrac, you get a minute for the last word. Just very briefly, Your Honor, while, again, the statute is very clear, the statute says the court shall hold a hearing. That's not a discretionary issue. It's unlike suppression where the court does then make a determination whether or not a hearing is warranted and can actually decide on a suppression motion without a hearing. The statute here is very different. The statute here clearly states shall hold a hearing and also states that only after a hearing can the court deny bail. That's a significant difference. Why not? You agreed at the beginning of this oral argument that you don't need live testimony in order to fulfill the shall hold a hearing requirement under 3142. You could under circumstances, that is the district court under certain circumstances, could satisfy that standard in the way that it happened. You could have waived and that would have been okay under 3142. Why not have a rule, or why not read a rule into a requirement into 3142 that the defendant provides some threshold information? Maybe your answer is you did that, but why isn't that an appropriate way to read 3142? Two points. One, Your Honor, I do believe I did make it clear. I think I did reach that low hurdle. Second, Your Honor, and very importantly, we have a defense submission and a government submission with contested facts. The hearing is necessary to determine which of the proffers should be viewed. What are some of the contested facts? Well, for starters, whether or not he was getting sufficient medical care at the MDC. We had argued below, and actually in our papers here, that the MDC had been mismedicating him. Specifically what they had been doing was grinding up his anti-seizure medications so that he couldn't pocket it. They wanted to make sure that he was actually taking the medications. So they would grind it up and hand it to him that way. So he would have to swallow it immediately. Problem is that they're timed to release pills. So because the MDC is grinding up the pills, the medication isn't working properly and he is seizing consistently. So he has a considerable amount of seizures because of the way they're mismedicating him initially. They eventually do fix that, but that was going on for some time. They also mishandled him in the way they treated his seizures. When he was seizing on at least one occasion, they handcuffed him with his face down while he's having a convulsive seizure. That is not the way you treat a defendant or any individual, I should say, who is in the midst of a seizure. I guess my question is, are those contested? Well, those facts, what the government says is that he was getting proper care because he was seen by staff, I think it was 10 or 12 times, by medical staff. So their argument is that he was getting sufficient medical care at the MDC. And that argument is what Judge Prescott also found, that based upon the number of times he went to their infirmary, that meant that he was getting sufficient medical care. But it wasn't, because the government didn't address and Judge Prescott didn't address our specific allegation. It's not the number of, it's not the quantity of care, it's the quality of care. There are no further questions, Your Honors. Thank you. Thank you very much. Thank you. Thank you both. We'll reserve decision and get back to you both as quickly as we can.